Estate of Para Pierce Aldrich, Deceased, City National Bank of Baton Rouge, Louisiana, Executor v. Commissioner.
Estate of Aldrich v. Commissioner
Docket No. 2570-68.
United States Tax Court
T.C. Memo 1969-109; 1969 Tax Ct. Memo LEXIS 188; 28 T.C.M. (CCH) 578; T.C.M. (RIA) 69109; May 26, 1969, Filed Victor A. Sachse, 701-719 Fidelity Nat'l Bank Bldg., Baton Rouge, La, and Robert L. Roland, for the petitioner. Bruce A. McArdle, for the respondent. TANNENWALD
Memorandum Opinion TANNENWALD, *190 Judge: The respondent determined a deficiency in petitioner's estate tax in the amount of $227,231.69. Certain issues having been conceded by the parties, the questions remaining for decision are whether a charitable deduction should be reduced because of the reservation of a usufruct in favor of decedent's sister and what is the proper method of computing the charitable deduction because of the payment of estate and inheritance taxes from the residue. All of the facts are stipulated and are found accordingly. Petitioner, the executor of the estate of Para Pierce Aldrich, deceased, is a banking corporation organized under the laws of the United States, whose principal place of business at the time of filing the petition herein was Baton Rouge, Louisiana. The Federal estate tax return was filed with the district director of internal revenue, New Orleans, Louisiana. The decedent, a Louisiana domiciliary, died on August 9, 1965. She left a will dated July 30, 1958, which was duly probated in the State of Louisiana and states in pertinent part: * * * 3. I direct my executor to pay all estate and inheritance taxes out of the residue of my estate to the end that particular bequests *191 shall not be reduced thereby. * * * 5. I bequeath to my dear sister, Elberta Pierce Forsythe, the usufruct without bond and for life, my home, acreage and contents at 2255 College Drive, Aldrich Acres, Baton Rouge, Louisiana. 6. I bequeath to the First Methodist Church, Baton Rouge, Louisiana, for use in connection with its Youth Educational Center, two thirds of the remainder of 579 my estate and to the Cumberland Presbyterian Church, Dyersburg, Tennessee, the remaining one third thereof, but under these conditions: (A) My executor shall reduce such remainder to cash and purchase bonds of the United States Government therewith the bonds to be delivered by him to said legatees in the proportion mentioned. (B) The bequeaths contained in this paragraph shall be subject to a lifetime usufruct, which I now bequeath to my beloved sister, Elberta Pierce Forsythe, by which I mean that the income from the bonds so acquired and from any bonds which may later be purchased to replace them shall be paid over to my sister so long as she may live as such interest becomes due and is received. In the first instance, petitioner asserts that the amount of the charitable deduction under *192 section 2055(a) [1] should be determined without reduction for the actuarial value of the usufructuary interest in favor of decedent's sister. [2] Its supporting analysis is as follows: (1) section 2055(a) allows a deduction for "the amount" of all qualified charitable bequests; (2) Congress has specified a reduction of that "amount" only for taxes under section 2055(c); (3) under Louisiana law, no trust was created by decedent's will, the bonds to be purchased being physically deliverable to the charitable legatees, nor is the usufructuary interest the same as a life estate; (4) the provisions of section 20.2055-2(a) of respondent's estate tax regulations [3] deal only with remainder and similar interests in trust and therefore are not applicable and, in any event, are invalid. We decline to walk the semantic tightrope which petitioner thus seeks to construct. *193 The principle that the value of a bequest to charity will be reduced by any precedent noncharitable life interest is so well established as to be incontrovertible. E. g., ; ; ; ; . The charitable deduction is measured by the "value of what the charitable corporation is actually entitled to and does, in fact, receive." See , (C.A. 8, 1961), affirming . [4] In this context, we find it unnecessary to delve into Louisiana law in order to determine the precise nature of the usufructuary interest of decedent's sister.[5] The "naked ownership" or title to the bonds may have passed immediately to the charitable beneficiaries, but those beneficiaries held the bonds subject to a legally enforceable right in decedent's sister to receive the life income in the manner provided *194 in the will itself. Under these circumstances, the value 580 of what passed to the charities was correspondingly reduced. *195 Petitioner's contention that we should narrow the confines of section 20.2055-2(a) of respondent's estate tax regulations, or, alternatively, declare them invalid as applied to the instant situation, is without merit. The original charitable deduction provision (section 403(a)(3) of the Revenue Act of 1918, 40 Stat. 1057, 1098) also allowed a deduction of an "amount" transferred at death to a charitable organization. Since 1921, provisions comparable to section 20.2055-2(a) have been found in respondent's regulations and have survived numerous reenactments of the 1918 provision. See Art. 47 of Regs. 62; Art. 44 of Regs. 68, 70, 80; Sec. 81.44, Regs. 105. The concept that these regulations encompass the principle that a charitable bequest must be reduced by the present value of an intervening noncharitable interest has had longstanding judicial approval. . We see no reason to differentiate the attendant Federal tax consequences of the usufruct-naked ownership institution of the civil law from the life estate-remainder device of the common law. Accordingly, we hold that in computing the estate tax deduction the value *196 of charitable bequests herein should be reduced to reflect the actuarial value of the usufructuary interest in favor of decedent's sister. The second prong of the controversy herein relates to the method of calculating the charitable deduction because of the estate taxes payable from the residue by reason of paragraph 3 of the decedent's will. Respondent repeatedly reduced the value of the charitable deduction by subtracting therefrom the estate and inheritance tax liability of the estate. This, in turn, reduced the amount passing to charity, thereby increasing the taxable estate, and the estate tax liability, and further reducing the amount passing to charity. Petitioner concedes that a reduction for estate taxes based upon a single calculation is proper but contends that respondent's use of a cumulative method of computation, although consistent with section 20.2055-3, Estate Tax Regs., [6] vitiates the Congressional purpose of encouraging charitable testamentary transfers by causing an unwarranted reduction in the amount available to charity. We are aware of the significant impact of respondent's method. Nevertheless, that impact has been considered by the Congress, which reacted *197 in a limited fashion in enacting section 2053 (d) (70 Stat. 23; S. Rept. No. 1401, 84th Cong., 2d Sess. (1956), p. 3). And the use of such method has received judicial approval. (C.A. 2, 1959); compare , with . See also We therefore hold that section 20.2055-3 of respondent's regulations and his determination thereunder are fully in accord with the statutory mandate of section 2055(c). [7]
*198 In order to reflect our conclusions herein and the concessions of the parties, Decision will be entered under Rule 50. 581 Footnotes
1. All references, unless otherwise specified, are to the Internal Revenue Code of 1954. SEC. 2055. TRANSFERS FOR PUBLIC, CHARITABLE, AND RELIGIOUS USES. (a) In General. - For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate the amount of all the bequests, legacies, devises, or transfers * * * (2) to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation. ↩
2. Neither the value of the residue nor the value of the usufructuary interest is in dispute. Similarly, respondent concedes that the charitable legatees of the residue qualify under section 2055. ↩
3. Sec. 20.2055-2. Transfers not exclusively for charitable purposes. - (a) Remainders and similar interests. If a trust is created or property is transferred for both a charitable and a private purpose, deduction may be taken of the value of the charitable beneficial interest only insofar as that interest is presently ascertainable, and hence severable from the noncharitable interest. The present value of a remainder or other deferred payment to be made for a charitable purpose is to be determined in accordance with the rules stated in section 20.2031-7. Thus, if money or property is placed in trust to pay the income to an individual during his life, or for a term of years, and then to pay the principal to a charitable organization, the present value of the remainder is deductible. * * *↩
4. Compare also S. Rept. No. 1401, 84th Cong., 2d Sess. (1956), p. 3 ("[The] amount of the deduction is measured by the amount the charity actually receives and not by the amount of the bequest"); H. Rept. No. 708, 72d Cong., 1st Sess. (1932), p. 49, and S. Rept. No. 665, 72d Cong., 1st Sess. (1932), p. 52 ("The purpose of this amendment is to limit the deduction for charitable bequests etc., to the amount which the decedent has in fact and in law devised or bequeathed to charity"); S. Rept. No. 398, 68th Cong., 1st Sess. (1924), p. 35 ("to make it clear that the amount deductible * * * on account of bequests, legacies, devises for the specified benevolent purpose shall be the net amount distributable"). ↩
5. Generally speaking, "usufruct" is the right of enjoyment of property belonging to another; where there is also the right to change the substance, i.e., a power to consume, it is known as imperfect or quasi-usufruct and where there is no such right to change, it is known as perfect usufruct. Louisiana Civil Code, secs. 533-535, 607. The parties agree that the interest of decedent's sister constituted a perfect usufruct.↩
6. Section 20.2055-3. Death taxes payable out of charitable transfers. (a) If under the terms of the will or other governing instrument, the law of the jurisdiction under which the estate is administered, or the law of the jurisdiction imposing the particular tax, the Federal estate tax, or any estate, succession, legacy, or inheritance tax is payable in whole or in part out of any property the transfer of which would otherwise be allowable as a deduction under section 2055, section 2055(c) provides that the sum deductible is the amount of the transferred property reduced by the amount of the tax. Section 2055(c) in effect provides that the deduction is based on the amount actually available for charitable uses, that is, the amount of the fund remaining after the payment of all death taxes. * * * If a residuary estate, or a portion of it, is bequeathed to charity, and by the local law the Federal estate tax is payable out of the residuary estate, the deduction may not exceed that portion of the residuary estate bequeathed to charity as reduced by the Federal estate tax. The return should fully disclose the computation of the amount to be deducted. ↩
7. Section 2055(c). Death Taxes Payable Out of Bequests. - If the tax imposed by section 2001, or any estate succession, legacy, or inheritance taxes, are, either by the terms of the will, by the law of the jurisdiction under which the estate is administered, or by the law of the jurisdiction imposing the particular tax, payable in whole or in part out of the bequests, legacies, or devises otherwise deductible under this section, then the amount deductible under this section shall be the amount of such bequests, legacies, or devises reduced by the amount of such taxes.↩